1  Leo J. Murphy (SBN: 54947)
   lmurphy@schnader.com
2  Barry S. Alexander (PHV Application To Be Made)
   balexander@schnader.com
3  Jonathan Stern (PHV Application To Be Made)
   jstern@schnader.com
4  SCHNADER HARRISON SEGAL & LEWIS LLP
   650 California Street, 19th Floor
5  San Francisco, CA 94108-2736
   Telephone: 415-364-6700
6  Facsimile:  415-364-6785

7  Attorneys for Plaintiff
   GREAT AMERICAN INSURANCE COMPANY
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

| GREAT AMERICAN INSURANCE COMPANY, | CASE NO.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION, AND RESTITUTION** |
| vs. | **JURY TRIAL DEMANDED** |
| ANDRES BERL, as Executor and Personal Representative of the ESTATE OF CARLOS BERL, JENNY BERL, MICHAEL BERL, ALEXANDER BERL, MENA PRODUCTIONS, LLC, CROSS CREEK PICTURES, LLC, IMAGINE ENTERTAINMENT, LLC, QUADRANT PICTURES, VENDIAN ENTERTAINMENT, LLC, FREDERIC NORTH, HELIBLACK, LLC, ESTATE OF ALAN PURWIN, KATHRYN A. PURWIN, KYLE PURWIN, MICHAELA PURWIN, | |
| Defendants. | |

25        Plaintiff, Great American Insurance Company ("Great American"), as and

26  for its complaint for a declaratory judgment, alleges upon knowledge as to its own

27  acts and upon information and belief as to the acts of others as follows:

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

## INTRODUCTION

1. This action seeks a declaratory judgment with respect to Aviation and Hull Liability Policy No. AH3294765-00 (the "Policy") issued by Great American to Heliblack, LLC, S&S Aviation, Inc. ("S&S"), Alan Purwin, and Frederic North for the period May 25, 2015 to September 25, 2015. The period of coverage was extended until October 1, 2015, pursuant to Endorsement No. 23 (the "Policy Period").

2. The Policy, subject to all of its terms, conditions, limitations, exclusions and endorsements, provided a $50 million each occurrence liability limit for "Bodily Injury," including "Passenger," and "Property Damage" for certain aircraft listed in the Policy. The Policy provides that Great American has "the right and duty to defend any 'insured' against a 'suit' seeking damages because of 'bodily injury' or 'property damage' covered by this Policy [but] no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." It further provides that Great American "will pay those sums an 'insured' becomes legally obligated to pay as damages because of 'bodily injury' sustained by any person … and 'property damage', caused by an 'occurrence' and resulting from the ownership, maintenance or use of a covered 'aircraft'." The Policy also sets forth a number of exclusions to coverage.

3. This action seeks a determination as to coverage for claims made in two separate lawsuits: (A) *Kathryn Purwin, an individual; Kyle Purwin, an individual; and Michaela Purwin, an individual, v. Cross Creek Pictures, LLC, a Delaware limited liability company; Imagine Entertainment, LLC, a Delaware limited liability company; Quadrant Pictures, a California corporation; Vendian Entertainment, LLC, a Delaware limited liability company; Estate of Carlos Berl, Deceased, and Does 1 through 50, Inclusive*, in the Superior Court of California for the County of Los Angeles, Case No. BC617199 (the "*Purwin* Action"); and

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1  (B) *Andres Berl*, as *Executor and Personal Representative of the Estate of Carlos*

2  *Berl, deceased; Jenny Berl, an individual; Michael Berl, an individual; and*

3  *Alexander Berl, an individual v. Mena Productions, LLC, a California limited*

4  *liability company; Cross Creek Pictures, LLC, a Delaware limited liability*

5  *company; Imagine Entertainment, LLC, a Delaware limited liability company,*

6  *Quadrant Pictures, a California corporation; Vendian Entertainment, LLC, a*

7  *Delaware limited liability company; Frederic North; Jimmy Lee Garland; S&S*

8  *Aviation Co., Inc., a Georgia corporation; Heliblack, LLC, a California limited*

9  *liability company; Estate of Alan Purwin, Deceased; Kathryn Purwin, as Executor*

10  *and Personal Representative of the Estate of Alan Purwin; and Does 1-40,*

11  *Inclusive*, in the Superior Court of California for the County of Los Angeles, Case

12  No. BC633844 (the "*Berl* Action"), both of which arise out of the crash of a Smith

13  Aerostar 600 aircraft bearing Federal Aviation Administration registration number

14  N164HH (as defined in paragraph 27, the "Aircraft") during a flight from San

15  Pedro de los Milagros, Colombia to Medellin, Colombia on September 11, 2015

16  (the "Accident"), which resulted in the deaths of Carlos Berl and Alan Purwin,

17  and injuries to Jimmy Lee Garland ("Garland"), each of whom was on the Aircraft

18  when it crashed.

19      4.      An actual and ripe controversy exists concerning the parties' rights

20  and obligations under the Policy.

21      5.      Great American seeks a declaration that the Policy does not provide

22  coverage to the defendants named in the *Purwin* Action, or to some or all of the

23  defendants named in the *Berl* Action.

24      6.      Great American also seeks a reformation of the Policy to accurately

25  set forth the shared intention of the parties that Alan Purwin not be an additional

26  insured under the Policy, only that he be a "named insured," with the result that

27  there is no coverage for the claims asserted in the *Purwin* Action.

28

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

**PARTIES**

7.     Great American is a corporation organized and existing under the laws of Ohio, with its principal place of business located in Cincinnati, Ohio. Great American is engaged in the business of providing liability insurance.

8.     Carlos Berl was a citizen of the State of New York with a permanent address in Dobbs Ferry, New York, and was killed as a result of the Accident. Andres Berl is the Executor and Personal Representative of the Estate of Carlos Berl.

9.     Jenny Berl, Michael Berl, and Alexander Berl are residents and citizens of the State of New York and are the surviving adult children of Carlos Berl.

10.    Alan Purwin was a citizen of the State of California with a permanent address in Hidden Hills, California and was killed as a result of the Accident. Kathryn A. Purwin is the Executor and Personal Representative of the Estate of Alan Purwin and is a citizen of the State of California.

11.    Kathryn A. Purwin is the widow of Alan Purwin.

12.    Kyle Purwin is a citizen of the State of Massachusetts and the adult son of Alan Purwin.

13.    Michaela Purwin is a citizen of the state of California and the adult daughter of Alan Purwin.

14.    Upon information and belief, Mena Productions, LLC ("Mena Productions") is a limited liability company organized and existing under the laws of California with its principal place of business in West Hollywood, California. Plaintiff Great American Insurance Company is unable to determine the members of Mena Productions or their citizenship through reasonable investigation but alleges upon information and belief that none of the members of Mena Productions is a citizen of the State of Ohio. *See, e g., Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) (permitting plaintiff to

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1  plead the citizenship of two LLCs and four individual defendants on information

2  and belief, reasoning that "when information regarding a defendant that is

3  necessary to establish diversity of citizenship is not reasonably available to a

4  plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to

5  those defendants on information and belief and without affirmatively asserting

6  specific details regarding the citizenship of those defendants."); *American Multi-*

7  *Cinema, Inc. v. Manteca Lifestyle Center, LLC*, No. 2:16-cv-01066-TLN-KJN,

8  2016 U.S. Dist. LEXIS 132982, at *2 (E.D. Cal. Sept. 26, 2016) ("When

9  information regarding a defendant's citizenship is not reasonably available, a

10 plaintiff does not need to affirmatively plead, based on actual knowledge, specific

11 details about the defendant's citizenship; it is sufficient to allege, on information

12 and belief, that the defendants are diverse to the plaintiff."); *Shaw v. Ocwen Loan*

13 *Servicing, LLC*, Case No. 15-cv-01755-JD, 2016 U.S. Dist. LEXIS 11716, at *4

14 (N.D. Cal. Feb. 1, 2016) (noting that plaintiff "may 'plead its jurisdictional

15 allegations … on information and belief and without affirmatively asserting those

16 defendants' citizenship'" if "not able to obtain definitive information about the

17 citizenship of Ocwen's members").

18      15.     Upon information and belief, Cross Creek Pictures, LLC ("Cross

19 Creek Pictures") is a limited liability company organized and existing under the

20 laws of Delaware with its principal place of business in West Hollywood,

21 California.  Plaintiff Great American Insurance Company is unable to determine

22 the members of Cross Creek Pictures or their citizenship through reasonable

23 investigation, but alleges upon information and belief that none of the members of

24 Cross Creek Pictures is a citizen of the State of Ohio. *Id.*

25      16.     Upon information and belief, Cross Creek Productions, LLC ("Cross

26 Creek Productions") is a limited liability company organized and existing under

27 the laws of Texas with its principal place of business in Houston, Texas.  Plaintiff

28 Great American Insurance Company is unable to determine the members of Cross

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

1 │ Creek Productions or their citizenship through reasonable investigation, but
2 │ alleges upon information and belief that none of the members of Cross Creek
3 │ Productions is a citizen of the State of Ohio. *Id.*

4 │     17.    Upon information and belief, Cross Creek Pictures and Cross Creek
5 │ Productions are separate and distinct legal entities.

6 │     18.    Upon information and belief Imagine Entertainment, LLC
7 │ ("Imagine") is a Delaware limited liability company with its principal place of
8 │ business in Beverly Hills, California. Plaintiff Great American Insurance
9 │ Company is unable to determine the members of Imagine or their citizenship
10 │ through reasonable investigation, but alleges upon information and belief that
11 │ none of the members of Imagine is a citizen of the State of Ohio. *Id.*

12 │     19.    Upon information and belief, Quadrant Pictures ("Quadrant") is a
13 │ corporation organized and existing under the laws of California with its principal
14 │ place of business in Beverly Hills, California.

15 │     20.    Upon information and belief Vendian Entertainment, LLC
16 │ ("Vendian") is a Delaware limited liability company with its principal place of
17 │ business in New York, New York. Plaintiff Great American Insurance Company
18 │ is unable to determine the members of Vendian or their citizenship through
19 │ reasonable investigation, but alleges upon information and belief that none of the
20 │ members of Vendian is a citizen of the State of Ohio. *Id.*

21 │     21.    Frederic North ("North") is a citizen and resident of California.

22 │     22.    Heliblack, LLC ("Heliblack") is a limited liability company
23 │ organized and existing under the laws of California with its principal place of
24 │ business in Van Nuys, California.

25 │
26 │ **JURISDICTION AND VENUE**

27 │     23.    This Court has subject matter jurisdiction pursuant to 28 U.S.C.
28 │ § 1332 because the plaintiff is a citizen of the State of Ohio while the defendants,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1  upon information and belief, all are citizens of states other than Ohio and the

2  amount in controversy exceeds $75,000, exclusive of interest and costs.

3      24.   This Court has personal jurisdiction over each of the defendants

4  because (1) the corporate and limited liability company defendants are organized

5  under the laws of California and/or have their principal places of business in

6  California, and are engaged in activities in California out of which the claims

7  against them arise and/or purposely directed related activities to California; (2) the

8  individual defendants are citizens of California, engaged in activities in California

9  out of which the claims against them arise or purposely directed related activities

10  to California; and (3) the *Purwin* Action and *Berl* Action were filed, and are being

11  litigated, in the Superior Court of California.

12      25.   Venue is proper pursuant to 28 U.S.C. § 1391 because the *Purwin*

13  Action and *Berl* Action are being litigated in this judicial district or, alternatively,

14  because there is no district in which an action may otherwise be brought under 28

15  U.S.C. § 1391 and the defendants are subject to this Court's personal jurisdiction.

16

17                    **FACTUAL ALLEGATIONS**

18  ***The Accident***

19      26.   In or about September 2015, in Colombia, South America, the

20  filming of a major motion picture then entitled *Mena* began, in which Tom Cruise

21  was cast in the role of American pilot Barry Seal, a drug runner recruited by the

22  CIA in the 1980's to try to capture drug kingpin Pablo Escobar.

23      27.   A number of aircraft—including a Smith Aerostar 600 multi-engine,

24  fixed-wing aircraft, bearing Registration No. N164HH (the "Aircraft")—were

25  secured for use during the filming.

26      28.   After completion of the day's filming on September 11, 2015, the

27  Aircraft was to be flown from Santa Fe de Antioquia, Colombia to Medellin,

28  Colombia (the "Flight").

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

29.   Carlos Berl, Alan Purwin, and Garland were on board the Aircraft for the Flight.

30.   The Aircraft crashed during the Flight, resulting in the deaths of Alan Purwin and Carlos Berl, serious bodily injury to Garland, and the loss of the Aircraft.

**The Purwin Action**

31.   On or about April 15, 2016, Kathryn, Kyle, and Michaela Purwin commenced the *Purwin* Action.

32.   The plaintiffs in the *Purwin* Action are the widow and adult children of Alan Purwin, and they assert wrongful death and survival causes of action arising out of the death of Alan Purwin in the Accident.

33.   The complaint in the *Purwin* Action alleges that Carlos Berl was the pilot for the Flight and that he "lacked the necessary qualifications, skills, competence, and general suitability for the flight, and should not have been permitted by the above Defendants to fly the Aircraft on the flight."

34.   The complaint further alleges that the defendants "negligently, unlawfully and carelessly operated, entrusted, piloted, flew, controlled, and directed the Aircraft so as to cause it to collide with terrain, grievously injuring Plaintiff's decedent, Alan Purwin, who perished as a result of the injuries sustained in the crash."

35.   The complaint seeks compensatory damages "including but not limited to pecuniary losses, losses of support, services, property losses, love, care, comfort, society, solace, moral support, guidance and prospective inheritance, and such other remedies as may be permitted by law."

36.   The complaint also alleges that, as a result of the Accident, Alan Purwin "suffered severe physical injuries which ultimately caused his death," and that "as a direct result of the negligent and careless conduct of the above-named

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

1  defendants, and each of them, Alan Purwin suffered losses and damage to his
2  property and to his estate."

3      37.    The complaint seeks damages for loss of net accumulations, loss of
4  earnings and earning capacity, loss of inheritance, funeral and burial expenses,
5  property damage, prejudgment interest, and costs of suit.

6  **The Berl Action**

7      38.    On September 14, 2016, Andres Berl, Jenny Berl, Michael Berl, and
8  Alexander Berl commenced the "*Berl* Action".

9      39.    The plaintiffs in the *Berl* Action are the Executor of the Estate of
10 Carlos Berl and the three surviving adult children of Carlos Berl.

11     40.    The complaint in the *Berl* Action alleges that the Aircraft was owned,
12 maintained, and operated by Heliblack.

13     41.    The complaint alleges that North, a principal of Heliblack, was hired
14 as the aerial coordinator, that Alan Purwin, a principal of Heliblack, was hired as a
15 helicopter and airplane pilot or aerial photographer, that Garland was hired as an
16 aerial unit pilot and flight instructor, and that S&S was hired to provide aircraft
17 inspection, repair, maintenance, flight instruction, piloting, fixed base operator
18 services and other services, for the production of the film.

19     42.    The complaint alleges that the defendants invited Carlos Berl to the
20 filming location in Colombia in anticipation of his participation in ferrying the
21 Aircraft back to the United States, that Carlos Berl informed the defendants that
22 he had insufficient flight experience in the Aircraft and required flight instruction
23 and familiarization with the Aircraft before he could fly it, and that the defendants
24 permitted a rushed and unprepared instructional and familiarization flight for
25 Carlos Berl over the rugged terrain of the Andes Mountains.

26     43.    The complaint further alleges that Garland was the pilot-in-command
27 and instructor for the flight, Carlos Berl was a student pilot, and Alan Purwin was
28 on board to provide additional supervision.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

44.   The complaint alleges that the defendants:

(a)   "negligently, unlawfully and carelessly supervised, prepared, instructed, operated, entrusted, piloted, flew, controlled, and directed the Subject Aircraft so as to cause or allow it to collide with terrain, grievously injuring Plaintiff's decedent, Carlos Berl, who perished as a result of the injuries sustained in the crash";

(b)   "knew that the [] Aircraft would be flown over rugged, mountainous terrain in the Republic of Colombia and yet failed to ensure that the airplane was properly equipped and that the flight was safely planned, prepared and supervised"; and

(c)   "[a]s a direct and proximate result of the negligence, carelessness and violation of law by defendants …, Plaintiff's decedent, Carlos Berl, suffered devastating injuries in the collision and impact with the ground and perished as a direct and proximate result of those injuries."

### The Great American Policy

45.   The Policy was issued on May 25, 2015, and has a $50 million "Each 'Occurrence' Limit" providing "Single Limit 'Bodily Injury' and 'Property Damage' including 'Passenger' Liability," subject to all of the Policy's terms, conditions, limitations, exclusions and endorsements.

46.   The original policy period was May 25, 2015 to September 25, 2015, but was extended to October 1, 2015.

47.   The "named insureds" listed on the Policy's Declarations Page are Heliblack, S&S, Alan Purwin and North.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

48.     The Declarations Page sets forth the approved pilots of the Aircraft, as follows:

> When "in flight" the "aircraft" will be piloted only by the following pilots, provided each has a valid pilots certificate including a current and valid medical certificate appropriate for the type of flight described in the section below and for the "aircraft" insured:
>
> At the discretion of Fred North.

49.     The Policy provides relevant coverage, as follows:

**AIRCRAFT COVERAGE FORM**

**INSURING AGREEMENTS**

## I.      LIABILITY COVERAGES

**Coverage D – Single Limit Bodily Injury and Property Damage Liability** – We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "bodily injury" sustained by any person (excluding any "passenger" unless the words "Including Passengers" appear in the Declarations) and "property damage", caused by an "occurrence" and resulting from the ownership, maintenance or use of a covered "aircraft."

\* \* \*

**DEFENSE, SETTLEMENT AND SUPPLEMENTARY PAYMENTS**

## IV.     DEFENSE

The following provisions apply to Coverages A, B, C and D:

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

11

PHDATA 6016792_3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1   We have the right and duty to defend any "insured"
2   against a "suit" seeking damages because of "bodily
3   injury" or "property damage" covered by this Policy.
4   However, we have no duty to defend any "insured"
5   against a "suit" seeking damages for "bodily injury" or
6   "property damage" to which this insurance does not
7   apply….

8   50.   The Policy sets forth a number of exclusions to coverage.   The
9   following exclusions are relevant to this action:

10   This Policy does not apply to any of the following:

11   1.   "Bodily injury", "property damage" or "physical
12   damage" arising out of use of the 'aircraft' for any
13   unlawful purpose or any purpose not designated in the
14   Declarations, if such use is within the knowledge and
15   consent of any 'insured' or of any executive officer,
16   partner, or managing agent.

17   2.   "Bodily injury", "property damage" or "physical
18   damage" arising out of the use of the "aircraft":

19   a.   if piloted by anyone other than:

20   1. the pilot(s) designated in the Declarations; or

21   2. a pilot employed by a "Federal Aviation
22   Administration" approved repair station while the
23   "aircraft is in their care, custody or control for the
24   purpose of maintenance, repair or test flight;

25   b.   if piloted by a pilot not properly certificated,
26   qualified and rated under the current applicable
27   Federal Aviation Regulations for the operation

28

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

involved, whether or not said pilot is designated in the Declarations;

   c.  if the Airworthiness Certificate of the "aircraft" is not in full force and effect. This Exclusion shall not apply while the "aircraft" is operated on a reposition, ferry or test flight provided a special permit or waiver has been granted by the "Federal Aviation Administration" for such flights and such flights are for the sole purpose of reinstatement or renewal of the Airworthiness Certificate.; or

   d.  if the "aircraft" has not been subjected to appropriate airworthiness inspection(s) as required under current applicable Federal Aviation Regulations for the operation involved.

        * * *

11.  'Bodily injury' to an employee of the 'insured' arising out of and in the course of employment by the 'insured'.

12.  'Bodily injury' or death of any person who is a 'named insured'.

13.  'Property damage' to property owned, occupied, rented or used by, or in the care, custody or control of the "insured" or carried in or on any 'aircraft'.

51.  The Policy sets forth a number of definitions, including the following that are or may be pertinent to the issues in this action:

'Insured'  The unqualified word 'Insured' wherever used in this Policy with respect to Coverage A, B, C and D, includes not only the 'named insured' but also any person

13

PHDATA 6016792_3

1   while using or riding in the 'aircraft' and any person or
2   organization legally responsible for its use, provided the
3   actual use is with the express permission of the 'named
4   insured'.  Except with respect to the 'named insured' the
5   provisions of this paragraph do not apply:
6                                    * * *
7   c.  to any person engaged in providing flight instruction
8          for hire or reward
9   'Named Insured' means the person or organization
10   named in the Declarations.
11   'Passenger' means any person in, on, or boarding the
12   'aircraft' for the purpose of riding or flying therein or
13   alighting therefrom after a flight or attempted flight
14   therein, including pilot(s) or 'crew' member(s).
15   'Property Damage' means damage to or loss of use of
16   tangible property.
17       52.    The Policy sets forth a number of conditions, including the following
18   one that is or may be pertinent to the issues in this action:
19           2.    Severability of Interest
20               The term 'insured' is used severally and not
21               collectively, but the inclusion herein of more than
22               one 'insured' shall not operate to increase the
23               limits of the Company's liability.
24       53.    Endorsement No. 10 to the Policy, entitled *Additional Insured*
25   *Endorsement* and dated May 25, 2015, lists Alan Purwin, North, Mena
26   Productions and Cross Creek Productions as "additional insureds," but only "with
27   respect to the F.A.A. Cert. Numbers listed below: FAA Cert Numbers: N414MM;
28   N375RA; N22968."

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

54. The Aircraft previously was registered with the FAA as N375RA but was changed to N164HH on or about May 5, 2015.

55. Endorsement No. 22 to the Policy, dated July 17, 2015, reflects the change of the Aircraft's FAA Registration Number from N375RA to N164HH.

56. Endorsement No. 20 to the Policy, entitled *Additional Insured Endorsement* and dated July 17, 2015, lists Mena Productions and Cross Creek Productions as "additional insureds" with respect to "FAA Cert Numbers: N164HH." Endorsement Number 20 does not list North or Alan Purwin as an "additional insured".

57. Correspondence between SterlingRisk Insurance, the insurance broker for the purchasers of the Policy, and Great American during the underwriting of the Policy unequivocally reflects the intention of the parties to the purchase of the Policy that North and Alan Purwin were to be "named insureds" under the Policy.

**Tenders and Reservation of Rights Relating to the Purwin Action**

58. The Estate of Carlos Berl first tendered the defense and indemnity of the *Purwin* Action to Great American on April 18, 2016.

59. After initially denying coverage, Great American reconsidered its position and agreed to provide the Estate of Carlos Berl with a defense in the *Purwin* Action, subject to a reservation of rights as set forth in correspondence dated October 6, 2016, and the terms, conditions, limitations, exclusions and endorsements in the Policy.

60. Great American reserved its right to discontinue its provision of a defense to the Estate of Carlos Berl in the *Purwin* Action and to deny any obligation to pay any sums the "insured" becomes obligated to pay as damages on the grounds of Exclusions 1, 2(a)(1), 2(b), 11, 12 and 13 of the Policy.

61. Cross Creek Productions, LLC tendered its defense and indemnity of the *Purwin* Action on May 5, 2016.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

62.    After initially denying coverage, Great American reconsidered its position and agreed to provide Cross Creek Productions with a defense in the *Purwin* Action, subject to a reservation of rights as set forth in correspondence dated October 6, 2016, and the terms, conditions, limitations, exclusions and endorsements in the Policy.

63.    Great American, on the grounds of Exclusions 1, 2(a)(1), 2(b), 11, 12 and 13 of the Policy, and also on the basis that the complaint in the *Purwin* Action named Cross Creek Pictures as a defendant, while Cross Creek Productions, not Cross Creek Pictures, is identified as an "additional insured" under the Policy, reserved its right to discontinue its provision of a defense to Cross Creek Productions, LLC in the *Purwin* Action and to deny any obligation to pay any sums it becomes obligated to pay as damages.

64.    Upon information and belief, Quadrant, Vendian, and Imagine also seek from Great American defense and indemnity of the *Purwin* Action under the Policy, the entitlement to which Great American disputes on the grounds of Exclusions 1, 2(a)(1), 2(b), 11, 12 and 13 of the Policy and also on the basis that they are not "insureds" under the Policy.

**Tenders and Reservation of Rights Relating to the *Berl* Action**

65.    Heliblack, North, and the Estate of Alan Purwin tendered their defense and indemnity of the *Berl* Action on September 21, 2016.

66.    Great American agreed to provide Heliblack, North and the Estate of Alan Purwin with defenses in the *Berl* Action subject to a reservation of rights as set forth in separate correspondence to each dated September 29, 2016, and the terms, conditions, limitations, exclusions and endorsements in the Policy.

67.    Great American reserved its right to discontinue its provision of a defense to Heliblack, North and the Estate of Alan Purwin in the *Berl* Action and to deny any obligation to pay any sums the "insured" becomes obligated to pay as damages on the grounds of Exclusions 1, 2(a)(1), 2(b), 11 and 13.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

68.     Cross Creek Productions tendered its defense and indemnity of the *Berl* Action on September 22, 2016.

69.     Great American agreed to provide Cross Creek Productions with a defense in the *Berl* Action, subject to a reservation of rights as set forth in correspondence dated September 29, 2016, and the terms, conditions, limitations, exclusions and endorsements in the Policy.

70.     Great American reserved its right to discontinue its provision of a defense to Cross Creek Productions in the *Berl* Action and to deny any obligation to pay any sums the "insured" becomes obligated to pay as damages on the grounds of Exclusions 1, 2(a)(1), 2(b), 11 and 13 of the Policy and also on the basis that the complaint in the *Purwin* Action named Cross Creek Pictures as a defendant, while Cross Creek Productions, not Cross Creek Pictures, is identified as an "additional insured" under the Policy.

71.     Mena Productions tendered its defense and indemnity of the *Berl* Action on September 22, 2016.

72.     Great American agreed to provide Mena Productions with a defense in the *Berl* Action, subject to a reservation of rights as set forth in correspondence dated September 29, 2016, and the terms, conditions, limitations, exclusions and endorsements in the Policy.

73.     Great American reserved its right to discontinue its provision of a defense to Mena Productions, LLC in the *Berl* Action and to deny any obligation to pay any sums the "insured" becomes obligated to pay as damages on the grounds of Exclusions 1, 2(a)(1), 2(b), 11 and 13.

74.     Upon information and belief, Quadrant, Vendian and Imagine also seek defense and indemnity of the *Berl* Action from Great American under the Policy, the entitlement to which Great American disputes on the grounds of Exclusions 1, 2(a)(1), 2(b), 11 and 13 of the Policy and also on the basis that they are not "insureds" under the Policy.

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

**COUNT I: DECLARATORY RELIEF (Duty to Defend in *Purwin* Action)**

75.     Great American incorporates by reference each of the allegations of paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76.     Allegations made in the *Berl* Action, when considered in conjunction with other facts known to Great American, suggest the possibility that, at the time of the Accident, the Aircraft was being used for an unlawful purpose, or for a purpose not designated in the Declarations of the Policy, and that such use was with the knowledge and consent of an "insured," or an executive officer, partner or managing agent of an "insured." Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 1 in the Policy.

77.     At the time of the Accident, the Aircraft may not have been piloted by a pilot designated in the Declarations.  Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 2(a) in the Policy.

78.     At the time of the Accident, the Aircraft may not have been piloted by a pilot properly certificated, qualified, and rated under the applicable law for the operation involved.  Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 2(b) in the Policy.

79.     At the time of the Accident, Alan Purwin may have been acting in the course of employment with Mena Productions.  Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 11 in the Policy.

80.     Alan Purwin is a "named insured" in the Policy.

81.     The *Purwin* Action includes a vague claim for property damage that may relate to alleged damage to property that was owned, occupied, rented or used by, or in the care, custody or control of the "insured" or carried on the Aircraft.  Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 11 in the Policy.

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

82.    Cross Creek Pictures is not a "named insured" or "additional insured" under the Policy and, upon information and belief, does not qualify as an "insured" under the Policy.

83.    Cross Creek Productions is not named as a defendant in the *Purwin* Action.

84.    Quadrant, Vendian, and Imagine are not "named insureds" or "additional insureds" under the Policy and, upon information and belief, do not qualify as an "insured" under the Policy.

85.    As a result of the foregoing, Great American has no duty to defend the Estate of Carlos Berl, Cross Creek Productions, Cross Creek Pictures, Quadrant, Vendian, and Imagine against the claims asserted in the *Purwin* Action.

## COUNT II: DECLARATORY RELIEF (Duty to Indemnify in *Purwin* Action)

86.    Great American incorporates by reference each of the allegations of paragraphs 1 through 85 of this Complaint as if fully set forth here.

87.    Allegations made in the *Berl* Action, when considered in conjunction with other facts known to Great American, suggest the possibility that, at the time of the Accident, the Aircraft was being used for an unlawful purpose, or for a purpose not designated in the Declarations of the Policy, and that such use was with the knowledge and consent of an "insured," or an executive officer, partner or managing agent of an "insured."  Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 1 in the Policy.

88.    At the time of the Accident, the Aircraft may not have been piloted by a pilot designated in the Declarations.  Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 2(a) in the Policy.

89.    At the time of the Accident, the Aircraft may not have been piloted by a pilot properly certificated, qualified, and rated under the applicable law for

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

1  the operation involved.   Therefore, discovery will be necessary to determine
2  whether coverage is excluded by Exclusion 2(b) in the Policy.

3       90.    At the time of the Accident, Alan Purwin may have been acting in the
4  course of employment with Mena Productions.   Therefore, discovery will be
5  necessary to determine whether coverage is excluded by Exclusion 11 in the
6  Policy.

7       91.    Alan Purwin is a "named insured" in the Policy.

8       92.    The *Purwin* Action includes a vague claim for property damage that
9  may relate to alleged damage to property that was owned, occupied, rented or
10 used by, or in the care, custody or control of the "insured" or carried on the
11 Aircraft.  Therefore, discovery will be necessary to determine whether coverage is
12 excluded by Exclusion 11 in the Policy.

13      93.    Cross Creek Pictures is not a "named insured" or "additional insured"
14 under the Policy and, upon information and belief, does not qualify as an
15 "insured" under the Policy.

16      94.    Cross Creek Productions is not named as a defendant in the *Purwin*
17 Action.

18      95.    Quadrant, Vendian, and Imagine are not "named insureds" or
19 "additional insureds" under the Policy and, upon information and belief, do not
20 qualify as an "insured" under the Policy.

21      96.    As a result of the foregoing, Great American has no duty to
22 indemnify the Estate of Carlos Berl, Cross Creek Productions, Cross Creek
23 Pictures, Quadrant, Vendian, and Imagine for the claims asserted in the *Purwin*
24 Action.

25

26 **COUNT III: DECLARATORY RELIEF (Duty to Defend in *Berl* Action)**

27      97.    Great American incorporates by reference each of the allegations of
28 paragraphs 1 through 96 of this Complaint as if fully set forth here.

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

98. Allegations made in the *Purwin* Action, when considered in conjunction with other facts known to Great American, suggest the possibility that, at the time of the Accident, the Aircraft was being used for an unlawful purpose, or for a purpose not designated in the Declarations of the Policy, and that such use was with the knowledge and consent of an "insured," or an executive officer, partner, or managing agent of an "insured." Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 1 in the Policy.

99. At the time of the Accident, the Aircraft may not have been piloted by a pilot designated in the Declarations. Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 2(a) in the Policy.

100. At the time of the Accident, the Aircraft may not have been piloted by a pilot properly certificated, qualified, and rated under the applicable law for the operation involved. Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 2(b) in the Policy.

101. At the time of the Accident, the plaintiffs' decedent, Carlos Berl, may have been acting in the course of his employment with one or more of Heliblack, Cross Creek Pictures, Cross Creek Productions, Mena Productions, Quadrant, Vendian, Imagine, North, or Alan Purwin.

102. According to the allegations of Plaintiffs in the *Purwin* Action, the Aircraft may have been piloted by a "Student Pilot" while a passenger was in the Aircraft and without a Certificated Flight Instructor on board teaching the student pilot, or when the Student Pilot was not under the direct supervision of the Certificated Flight Instructor for the Flight.

103. The *Berl* Action includes a vague claim for property damage that may relate to alleged damage to property that was owned, occupied, rented or used by, or in the care, custody or control of the "insured" or carried on the Aircraft.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

104.   Cross Creek Pictures is not a "named insured" or "additional insured" under the Policy and, upon information and belief, does not qualify as an "insured" under the Policy.

105.   Cross Creek Productions is not named as a defendant in the *Berl* Action.

106.   Quadrant, Veridian, and Imagine are not "named insureds" or "additional insureds" under the Policy and, upon information and belief, do not qualify as "insureds" under the Policy.

107.   As a result of the foregoing, Great American has no duty to defend Mena Productions, Cross Creek Pictures, Cross Creek Productions, Quadrant, Imagine, Vendian, North, Heliblack, or the Estate of Alan Purwin against the claims asserted in the *Berl* Action and is entitled to a declaration stating same.

**COUNT IV: DECLARATORY RELIEF (Duty to Indemnify in *Berl* Action)**

108.   Great American incorporates by reference each of the allegations of paragraphs 1 through 107 of this Complaint as if fully set forth here.

109.   Allegations made in the *Purwin* Action, when considered in conjunction with other facts known to Great American, suggest the possibility that, at the time of the Accident, the Aircraft was being used for an unlawful purpose, or for a purpose not designated in the Declarations of the Policy, and that such use was with the knowledge and consent of an "insured," or an executive officer, partner, or managing agent of an "insured." Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 1 in the Policy.

110.   At the time of the Accident, the Aircraft may not have been piloted by a pilot designated in the Declarations.   Therefore, discovery will be necessary to determine whether coverage is excluded by Exclusion 2(a) in the Policy.

111.   At the time of the Accident, the Aircraft may not have been piloted by a pilot properly certificated, qualified, and rated under the applicable law for

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

1 the operation involved.   Therefore, discovery will be necessary to determine
2 whether coverage is excluded by Exclusion 2(b) in the Policy.

3      112.   At the time of the Accident, the plaintiffs' decedent, Carlos Berl, may
4 have been acting in the course of his employment with one or more of Heliblack,
5 Cross Creek Pictures, Cross Creek Productions, Mena Productions, Quadrant,
6 Vendian, Imagine, North, or Alan Purwin.

7      113.   According to the allegations of Plaintiffs in the *Purwin* Action, the
8 Aircraft may have been piloted by a "Student Pilot" while a passenger was in the
9 Aircraft and without a Certificated Flight Instructor on board teaching the student
10 pilot, or when the Student Pilot was not under the direct supervision of the
11 Certificated Flight Instructor for the Flight.

12      114.   The *Berl* Action includes a vague claim for property damage that
13 may relate to alleged damage to property that was owned, occupied, rented or
14 used by, or in the care, custody or control of the "insured" or carried on the
15 Aircraft.

16      115.   Cross Creek Pictures is not a "named insured" or "additional insured"
17 under the Policy and, upon information and belief, does not qualify as an
18 "insured" under the Policy..

19      116.   Cross Creek Productions is not named as a defendant in the *Berl*
20 Action.

21      117.   Quadrant, Vendian, and Imagine are not "named insureds" or
22 "additional insureds" under the Policy and, upon information and belief, do not
23 qualify as "insureds" under the Policy.

24      118.   As a result of the foregoing, Great American has no duty to
25 indemnify Mena Productions, Cross Creek Pictures, Cross Creek Productions,
26 Quadrant, Imagine, Vendian, North, Heliblack, or the Estate of Alan Purwin for
27 the claims asserted in the *Berl* Action and is entitled to a declaration stating same.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

**COUNT V: REFORMATION**

119.   Great American incorporates by reference each of the allegations of paragraphs 1 through 118 of this Complaint as if fully set forth here.

120.   Alan Purwin and North are listed as a "named insured" on the Declarations Page of the Policy, as are Heliblack and S&S.

121.   Notwithstanding the clear expression in the Declarations that Alan Purwin and North are "named insureds," Endorsement No. 10, which is entitled "Additional Insured Endorsement" and became effective May 25, 2015, in addition to Mena Productions and Cross Creek Productions, mistakenly lists Alan Purwin and North as "additional insureds" for the coverage provided for three aircraft.   One of the aircraft listed is identified as FAA Registration Number N375RA, which was the registration number for the Aircraft prior to May 5, 2015.

122.   Endorsement No. 20, a subsequently issued "Additional Insured Endorsement," that became effective July 17, 2015, lists the additional insureds for the Aircraft (FAA Registration Number N164HH) as Mena Productions and Cross Creek Productions.  Endorsement No. 20 does not reference Alan Purwin or North as "additional insureds."

123.   The clear, unambiguously expressed intent of the Policy, as evidenced by the Declarations, is that Alan Purwin and North are "named insureds."

124.   The intention of the parties that Alan Purwin and North were to be a "named insureds" under the Policy is further supported by correspondence between the broker and the underwriter that unquestionably expresses that intent.

125.   The reference to Alan Purwin and to North as "additional insureds" in Endorsement No. 10 of the Policy is a scrivener's error and does not reflect the agreement between the parties to the Policy.

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

126.    The reference to Alan Purwin and to North as "additional insureds" in Endorsement No. 10 of the Policy constitutes a mutual mistake by the parties to the Policy.

127.    Endorsement No. 10 of the Policy should be reformed to reflect the parties' true intent at the time the Policy was executed that Alan Purwin and North were "named insureds."

128.    Specifically, Endorsement No. 10 should be reformed to list only Mena Productions and Cross Creek Productions as "additional insureds," as was done in Endorsement No. 20, and consistent with Alan Purwin and North's status as "named insureds" under the Policy as set forth in the Declarations of the Policy.

## COUNT VI: REIMBURSEMENT (*Purwin and Berl* Actions)

129.    Great American incorporates by reference each of the allegations of paragraphs 1 through 128 of this Complaint as if fully set forth here.

130.    Great American has to date, and will in the future, incur attorneys' fees and other expenses in connection with the defenses of the defendants to whom it has provided a defense in the *Berl* Action and the *Purwin* Action.

131.    Great American has no duty under the Policy to afford a defense to the Estate of Carlos Berl, Cross Creek Pictures, Quadrant, Vendian and Imagine in the *Purwin* Action, or Mena Productions, Cross Creek Pictures, Quadrant, Vendian, Imagine, North, Heliblack, and the Estate of Alan Purwin in the *Berl* Action and therefore has an equitable and quasi-contractual right to be reimbursed by each of the defendants to whom it has provided a defense for some or all attorneys' fees, costs, and other expenses which have been or may be paid or incurred by Great American for their defenses.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

1   **WHEREFORE**, Plaintiff Great American Insurance Company respectfully
2   requests that the Court enter a declaration and judgment in its favor:

3   A.   Declaring that, for the reasons set forth in Count I, Great American
4   has no duty to defend the Estate of Carlos Berl, Cross Creek Pictures, Quadrant,
5   Vendian, and Imagine against the claims asserted in the *Purwin* Action;

6   B.   Declaring that, for the reasons set forth in Count II, Great American
7   has no duty to indemnify the Estate of Carlos Berl, Cross Creek Pictures,
8   Quadrant, Vendian, and Imagine for the claims asserted in the *Purwin* Action;

9   C.   Declaring that, for the reasons set forth in Count III, Great American
10  has no duty to defend Mena Productions, Cross Creek Pictures, Quadrant, Vendian,
11  Imagine, North, Heliblack, and the Estate of Alan Purwin against the claims
12  asserted in the *Berl* Action;

13  D.   Declaring that, for the reasons set forth in Count IV, Great American
14  has no duty to indemnify Mena Productions, Cross Creek Pictures, Quadrant,
15  Vendian, Imagine, North, Heliblack, and the Estate of Alan Purwin for the claims
16  asserted in the *Berl* Action;

17  E.   Declaring that, for the reasons set forth in Count V, Alan Purwin and
18  Frederic North are "named insureds";

19  F.   Declaring that, for the reasons set forth in Count V, Endorsement
20  No. 10 of the Policy is reformed to exclude the references to Alan Purwin and
21  Frederic North as "additional insureds," as was the expressed intent of the parties
22  at the time the Policy was negotiated;

23  G.   Declaring that, for the reasons set forth in Count VI, Great American
24  is entitled to reimbursement for some or all attorneys' fees, costs, and other
25  expenses that have been or may be paid or incurred by Great American for the
26  defense of the defendants to whom it has provided a defense in the *Purwin* Action
27  or the *Berl* Action;

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE (415) 364-6700
FAX: (415) 364-6785

PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION

1     H.     Awarding Great American such additional declaratory and other relief

2 as shall be found to be appropriate under the circumstances; and

3     I.     Awarding Great American its fees and costs incurred in prosecuting

4 this action.

5

6 Dated:  May 18, 2017           SCHNADER HARRISON SEGAL &
                       LEWIS LLP

7

8

9                   By:   /s/ Leo J. Murphy
                          Leo J. Murphy (SBN: 54947)

10                      Barry S. Alexander (*pro hac vice*
                       application to be made)

11                      Jonathan Stern (*pro hac vice*
                       application to be made)

12                      *Attorneys for Plaintiff*
                      *Great American Insurance Company*

13

14

15

16               **DEMAND FOR JURY TRIAL**

17     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Great

18 American Insurance Company hereby demands a trial by jury.

19

20 Dated:  May 18, 2017           SCHNADER HARRISON SEGAL &
                       LEWIS LLP

21

22

23                   By:   /s/ Leo J. Murphy
                          Leo J. Murphy

24                      Barry S. Alexander (*pro hac vice*
                       application to be made)

25                      Jonathan Stern (*pro hac vice*
                       application to be made)

26                      *Attorneys for Plaintiff*
                      *Great American Insurance Company*

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

               PHDATA 6016792_3

COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION AND RESTITUTION