Walter J. Lack, Esq. (SBN 57550)
wlack@elllaw.com
Elizabeth L. Crooke (SBN 90305)
bcrooke@elllaw.com
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Blvd., Suite 1200
Los Angeles, CA 90067-4113
Tel: (310) 552-3800; Fax: (310) 552-9434

Doug Griffith, Esq. (SBN 185333)
doug@douggriffithlaw.com
**LAW OFFICE OF DOUG GRIFFITH**
155 N. Lake Avenue, Suite 800
Pasadena, CA 91101
Tel: (818) 919-8541; Fax: (213) 814-4530

Attorneys for Defendants, Kathryn A. Purwin, Kyle Purwin, and Michaela Purwin

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION)

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDRES BERL, as Executor and Personal Representative of the ESTATE OF CARLOS BERL, ALEXANDER BERL, MENA PRODUCTIONS, LLC, CROSS CREEK PICTURES, LLC, IMAGINE ENTERTAINMENT, LLC, QUADRANT PICTURES, VENDIAN ENTERTAINMENT, LLC, FREDERIC NORTH, HELIBLACK, LLC, ESTATE OF ALAN PURWIN, KATHRYN A. PURWIN, KYLE PURWIN, MICHAELA PURWIN<br><br>Defendants. | CASE NO.: 2:17-cv-03767-SJO-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO THE PURWIN DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OR TO STAY THIS ACTION**<br><br>Hearing:     October 16, 2017<br>Time:        10:00 a.m.<br>Courtroom:   10C<br>             Hon. S. James Otero<br>             350 W. 1st Street,<br>             Los Angeles, CA 90012<br>**JURY TRIAL DEMANDED** |

#422935

i

Great American Ins. Co. v. Andres Berl, et al
Case No.: 2:17-cv-03767-SJO-JPR

**REPLY TO OPPOSITION TO THE PURWIN MOTION TO DISMISS SECOND AMENDED COMPLAINT OR TO STAY THIS ACTION**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  NEEDLESS DETERMINATION OF STATE LAW ISSUES ...................... 2

III. NO INDEPENDENT DAMAGE CLAIMS ARE ALLEGED........................ 4

IV.  REFORMATION IS UNAVAILABLE ............................................................. 4

V.   A STAY IS ALSO APPROPRIATE ................................................................. 5

VI.  CONCLUSION.................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adams One Eleven, LLC v. Kohl's Dep't Stores, Inc.*,
   2017 U.S. Dist. LEXIS 121925 (C.D. Cal. Aug. 2, 2017)..........................................4

*Allstate Ins. Co. v. Tucknott Elec. Co.*,
   2014 U.S. Dist. LEXIS 151249 (N.D. Cal Oct. 23, 2014).....................................2, 3

*Am. Bankers Ins. Co. of Florida v. Rossoll*,
   No. CV 16-851 PA, 2016 U.S. Dist. LEXIS 188352 (C.D. Cal. Apr. 25, 2016)..........................................................................................................................3

*Brillhart v. Excess Ins. Co.*,
   316 U.S. 491 (1942)..............................................................................1, 2, 3, 5

*Century Sur. Co. v. Byal*,
   No. C 10-03917 WHA, 2011 U.S. Dist. LEXIS 68771 (N.D. Cal. Jun. 27, 2011)...................................................................................................................3

*Choy v. Cont'l Cas. Co.*,
   2015 U.S. Dist LEXIS 159538 (D. Hi. Nov. 25, 2015)...........................................2, 4

*Cort v. St. Paul Fire & Marine Ins. Cos.* 311 F.3d 979
   (9th Cir. 2002);..............................................................................................5

*Colony Ins. Co. v. Vantaggio Farming Corp.*,
   No. 1:17-cv-00714-LJO-SKO, 2017 U.S. Dist. LEXIS 129120 (E.D. Cal. Aug. 14, 2017)...................................................................................2, 5

*Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*,
   312 F.3d 976 (9th Cir. 2002)...............................................................................5

*Fid. & Guar. Ins. Co. v. Centex Homes*,
   No. ED CV 13-0938 FMO, 2014 U.S. Dist. LEXIS 41716 (C.D. Cal. Mar. 26, 2014)..................................................................................................3

*Hanover Ins. Co. v. Zagaris, Inc.*,
   No. C 16-01099 WHA, 2016 U.S. Dist. LEXIS 82048 (N.D. Cal. Jun. 23, 2016).......................................................................................................2

*Md. Cas. Co. v. Witherspoon,*
 993 F. Supp. 2d 1178 (C.D. Cal. 2014) .................................................................. 3

*Md. Cas. Co. v. Witherspoon,*
 *supra*, 993 F.Supp2d at 1184 ................................................................................. 3

*Minuteman Int'l, Inc. v. Great Am. Ins. Co.,*
 2004 U.S. Dist. LEXIS 4660 (N.D. Ill. Mar. 18, 2004) .......................................... 5

*Northfield Ins. Co. v. Civic Ctr. Hotel, LLC,*
 239 F. Supp. 3d 1163 (N.D. Cal. 2017) .................................................................. 4

*OneBeacon Ins. Co. v. Parker, Kern, Nard & Wenzel,*
 2009 U.S. Dist. LEXIS 88043, 2009 WL 2914203 (E D. Cal. Sept. 9, 2009) ........................................................................................................................ 5

*Praetorian Ins. Co. v. Analy Mortg. Ctr.,*
 No. CV10-03100 ODW, 2010 U.S. Dist. LEXIS 112055 (C.D. Cal. Oct. 8, 2010) .................................................................................................................... 3

*Quackenbush v. Allstate Ins. Co.,*
 517 U.S. 706 (1996) ................................................................................................ 4

*Scotts Co. LLC v. Seeds, Inc.,*
 688 F.3d 1154 (9th Cir. 2012) ................................................................................. 4

*Seneca Ins. Co. v. Strange Land, Inc.,*
 862 F.3d 835 (9th Cir. 2017) ................................................................................... 4

*State Farm Fire & Cas. Co. v. B. T. B., Inc.,*
 2011 U.S. Dist. LEXIS 7484 (E. D. Cal. Jan, 26, 2011) ........................................ 5

*Travelers Indem. Co. v. KB Home N. Bay, Inc.,*
 No. CV 1:15 481 WBS EFB, 2015 U.S. Dist. LEXIS 130580 (E D. Cal. Sept. 28, 2015) ................................................................................................. 3, 4

*Vasquez v. Rackauckas,*
 734 F.3d 1025 (9th Cir. 2013) ................................................................................. 4

**California Cases**

*Montrose Chem. Corp. v. Super. Ct. ("Montrose I"),*
 6 Cal. 4th 287(1993) ...................................................................................... 2, 3, 5

#422935                  iv         Great American Ins. Co. v. Andres Berl, et al
                            Case No.: 2:17-cv-03767-SJO-JPR

**REPLY TO OPPOSITION TO THE PURWIN MOTION TO DISMISS SECOND AMENDED COMPLAINT OR TO STAY THIS ACTION**

*National Indemnity Company v. Demanes*,
 86 Cal.App.3d 155 (1978)..................................................................................1, 3

*State Farm Mut. Auto. Ins. Co. v. Jacober*,
 10 Cal. 3d 193 (1973).............................................................................................1

**California Statutes**

McCarran-Ferguson Act............................................................................................3

## I. INTRODUCTION

Great American asserts no less than nine reasons to deny coverage for the *Purwin* and *Berl* actions. SAC ¶¶ 65–73. Yet its brief discusses only one for which it claims there is no overlap. But the facts being litigated in *Purwin* are precisely what brings Great American here. Its SAC makes lists those fact disputes: "Allegations made in a related lawsuit. . . ." *Id.* This theme is followed with this refrain: "Therefore, discovery will be necessary . . . ." That discovery is already underway in Superior Court. Any additional discovery contemplated by Great American could put its insured's defense at risk in the wrongful death proceedings. Great American should do nothing to sabotage their defense by adding its heft to those disputed issues.[1] Issues litigated in Superior Court include who was at the controls of the doomed airplane, who was a passenger, who authorized that person to fly, who was employed by whom.

By arguing its single defense, Great American apparently concedes that the facts overlap in most other ways. But Great American is wrong to conclude that its "Named Insured" exclusion can be decided independently of the facts litigated in state court, because that issue encompasses the question of whether Alan Purwin was pilot or "passenger".[2] *See National Indemnity Company v. Demanes*, 86 Cal.App.3d 155 (1978) (policy promise to pay for death of "passenger" trumps exclusion for death of "named insured"); *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 203 (1973)(exclusion of "bodily injury to the insured" reasonably refers only to injuries sustained by the party facing liability (permissive user), and not the insured).

If Great American proposes to have coverage decided piecemeal or if it proposes to abandon other defenses, those tactics offend the principles of *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). A state court can decide whether Mr. Purwin was a

---

[1] This "two-front war" factor was an important consideration favoring a stay in *Montrose Chem. Corp. v. Superior Court,* 6 Cal. 4th 287 (1993).
[2] Colombia's Grupo de Investigación de Accidentes e Incidentes aéreos this week issued a report concluding he was a mere pasajero, or passenger.

"named insured" or a passenger. There is no reason to try the issues over and over in multiple courts. This Court can avoid that outcome by dismissing, or by staying the proceedings. This comports with the general patterns of decisions running through these cases, keyed to the *Brillhart* factors.

## II. NEEDLESS DETERMINATION OF STATE LAW ISSUES

Great American argues that the death cases and this case aren't, in its view, parallel. Great American thus misconstrues *Brillhart*'s first factor, and it conflates "parallel" with "identical." For abstention purposes, the concepts are different. As one Court explained, suits may be parallel where they present:

> " 'an opportunity for ventilation of the same state law issues is pending in state court,' the district court should consider abstention. . . '[t]he Ninth Circuit construes 'parallel actions' liberally. Underlying state actions need not involve the same parties nor the same issues to be considered parallel." (Citations omitted). Instead, "[i]t is enough that the state proceedings arise from the same factual circumstances" as the declaratory judgment action. (Citations omitted). Furthermore, the fact that an insurer is not a party to the underlying state court proceeding is immaterial. (Citation omitted). ("[T]he Ninth Circuit has found that state court actions not involving the insurance carrier were sufficiently parallel to the declaratory relief action to merit consideration and dismissal under *Brillhart*.") (Citations omitted)."

*Allstate Ins. Co. v. Tucknott Elec. Co.*, 2014 U.S. Dist. LEXIS 151249, *12-14, (N.D. Cal Oct. 23, 2014). *And see Choy v. Cont'l Cas. Co.*, 2015 U.S. Dist LEXIS 159538, *11-12 (D. Hi. Nov. 25, 2015)(federal action need not involve exactly the same issues and parties as underlying action, they are "parallel" if they arise out of the same factual circumstances.[3] This remains the general rule in this Circuit.

---

[3] Great American's list of decisions of "numerous district courts" (note 4) don't help it. *Colony Ins. Co. v. Vantaggio Farming Corp.*, No. 1:17-cv-00714-LJO-SKO, 2017 U.S. Dist. LEXIS 129120 (E.D. Cal. Aug. 14, 2017) (whether pesticide use was an "occurrence"; proceedings *stayed* under *Montrose Chem. Corp. v. Super. Ct.* ("*Montrose I*"), 6 Cal. 4th 287(1993)); *Hanover Ins. Co. v. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 U.S. Dist. LEXIS 82048 (N.D. Cal. Jun. 23, 2016)(no overlapping fact dispute

In *Md. Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178 (C.D. Cal. 2014) cited by Plaintiff, the Court concluded that state law issues weighed against exercising discretionary jurisdiction, and it stayed declaratory judgment. *Id.* at 1183-84. In *Am. Bankers Ins. Co. of Florida v. Rossoll*, No. CV 16-851 PA, 2016 U.S. Dist. LEXIS 188352 (C.D. Cal. Apr. 25, 2016), the Court held that the only coverage issue, how an additional insured was added, would not be litigated in state court. In *Praetorian Ins. Co. v. Analy Mortg. Ctr.*, No. CV10-03100 ODW, 2010 U.S. Dist. LEXIS 112055 (C.D. Cal. Oct. 8, 2010) the insurer defended its insured through trial and sought a declaration afterwards, following *Montrose I*. An earlier declaratory relief suit would have been "reactive" litigation, which could justify a court's decision not to exercise jurisdiction. *Id.* at *13. Great American's cases don't give it a green light to proceed here.

The first *Brillhart* factor, whether the District Court will be compelled to determine issues of state law, will be true case here. Insurers / policyholder relations are traditionally regulated by the states, and this factor weighs against the exercise of discretionary jurisdiction. *Md. Cas. Co. v. Witherspoon, supra*, 993 F.Supp2d at 1184, *Allstate Ins. Co. v. Tucknott Elec. Co., supra*, 2014 U.S. Dist. LEXIS 151249, *7 (insurance law is an area left to the states through the McCarran-Ferguson Act). Great American raises a California law question by contesting the effect of its "named insured" exclusion applied to a passenger. (Opp. p. 15). *Nat'l Ind. Co. v. Demanes, supra,* 86 Cal.App.3d 155. Other state law issues include the consequence of unlawful

---

because insured conceded fraud was excluded. If coverage depended on truth of underlying facts, a stay likely would have been proper); *Travelers Indem. Co. v. KB Home N. Bay, Inc.*, No. CV 1:15 481 WBS EFB, 2015 U.S. Dist. LEXIS 130580 (E D. Cal. Sept. 28, 2015)(insurer was not defending and insured cross claimed for breach of contract); *Fid. & Guar. Ins. Co. v. Centex Homes*, No. ED CV 13-0938 FMO, 2014 U.S. Dist. LEXIS 41716 (C.D. Cal. Mar. 26, 2014)("not to be published" opinion concludes that insured had serially litigated the same issue before and suffered no prejudice because of other defending insurers); *Century Sur. Co. v. Byal*, No. C 10-03917 WHA, 2011 U.S. Dist. LEXIS 68771 (N.D. Cal. Jun. 27, 2011)(declaratory relief suit to determine whether policy covers the *type* of incident won't have *res judicata* on state court proceeding).

use or non-permissive use, both of which overlap the wrongful death claims. This case inescapably determines state law issues.

### III. NO INDEPENDENT DAMAGE CLAIMS ARE ALLEGED

Great American doesn't evade abstention by grafting on additional claims because those claims can't survive absent a declaration of rights, and that is the test in this Circuit. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835 (9th Cir. 2017). Further, this Court has discretion to abstain when the remedies sought are equitable, as here. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

Great American cannot recover its defense payments unless it prevails on declaratory relief so that is a dependent claim. *Choy v, Cont'l Cas. Co., supra*, 2015 U.S.Dist. LXIS 159538, *6-7.[4] Moreover, when the insureds' liability is hypothetical and the insurer is already defending with underlying facts that may impact coverage, the insurer "suffers no harm from waiting until the state court action is resolved." *Northfield Ins. Co. v. Civic Ctr. Hotel, LLC*, 239 F. Supp. 3d 1163 (N.D. Cal. 2017).

Great American's can't recover its costs of defense from any defendant; claims against the estates are time barred (and it is the real party in interest), and it hasn't yet defended the corporate defendants, who are being defended by another insurer, as was alleged in *Allianz Global Risks US Insurance company v. Great American Insurance Company*, 1:17cv2291 (N. D. GA). Since both insurers seek contribution or indemnity from one other, a stay presents no prejudice to Great American. It has ample recourse.

### IV. REFORMATION IS UNAVAILABLE

Great American's narrative depicts neither fraud nor mutual mistake nor ever unilateral mistake known by the other party, as required in California.[5] At most, it

---

[4] Injunction is an independent remedy, distinguishing *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154 (9th Cir. 2012)(injunctive relief is independent of declaratory relief); *Vasquez v. Rackauckas*, 734 F.3d 1025 (9th Cir. 2013)(same); *Adams One Eleven, LLC v. Kohl's Dep't Stores, Inc.*, 2017 U.S. Dist. LEXIS 121925 (C.D. Cal. Aug. 2, 2017).

[5] Defendants object to Great American's proffer of extrinsic facts not judicially noted. *Travelers Indem. Co. v. KB Home North Bay, Inc.*, 2015 U.S. Dist. LEXIS 130580, *87

shows that Great America was interested only in who would pay the premiums. Reformation requires more. Great American would pick-and-chose which endorsements it honors, but this works violence to the terms of a policy. Endorsement 20, changing the tail number of the Aerostar, doesn't subtract any insureds, as Great American suggests, doesn't overwrite Endt. 10, and is perfectly consistent in changing the registration number, confirming limited "additional insured" benefits to the producers. There are no "inconsistent endorsements" justifying one to be favored over another. According to Great American's own authorities, if the endorsements produce an ambiguity, that is to be resolved in favor of the insured. *Minuteman Int'l, Inc. v. Great Am. Ins. Co.*, 2004 U.S. Dist. LEXIS 4660, *24-25 (N.D. Ill. Mar. 18, 2004).

## V. A STAY IS ALSO APPROPRIATE

District Courts in California confronted with *Brillhart* abstention issues may alternatively stay proceedings "when the coverage question turns on facts to be litigated in the underlying action." *Montrose I*, 6 Cal. 4th at 302. Federal courts in California following the *Montrose* rule include. *OneBeacon Ins. Co. v. Parker, Kern, Nard & Wenzel*, 2009 U.S. Dist. LEXIS 88043, 2009 WL 2914203, *4 (E D. Cal. Sept. 9, 2009) (*citing Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979 (9th Cir. 2002)); *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976 (9th Cir. 2002)); *see also State Farm Fire & Cas. Co. v. B. T. B., Inc.*, 2011 U.S. Dist. LEXIS 7484 *5 (E. D. Cal. Jan, 26, 2011), *Colony Ins. Co. v. Vantaggio Farming Corp., supra*, 2017 U.S. Dist. LEXIS 129120. The prudential concerns of *Montrose I* can be met here by a stay.

## VI. CONCLUSION

The Purwin Defendants respectfully request that this Court exercise its discretion under *Brillhart* and dismiss this action, or in the alternative, stay it pending resolution of the Superior Court wrongful death proceedings.

---

(E.D. Cal. Sept. 28, 2015).

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | |
| 3 | Dated: October 2, 2017     **ENGSTROM, LIPSCOMB & LACK** |
| |                                  **LAW OFFICE OF DOUG GRIFFITH** |

Dated: October 2, 2017

**ENGSTROM, LIPSCOMB & LACK**
**LAW OFFICE OF DOUG GRIFFITH**

By: /s/ *Elizabeth L. Crooke*
     WALTER J. LACK
     ELIZABETH L. CROOKE
     DOUG GRIFFITH
     Attorneys for the Purwin Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2017 a true and correct copy of the above document was filed electronically and served via Notice of Electronic Filing under the Court's CM/ECF system, to all parties with an email address of record, who have consented to electronic service in this action.

/s/ *Elizabeth L. Crooke*
ELIZABETH L. CROOKE